IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROESLEIN & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 4:22-cv-01105-RJW |
| | ) | |
| v. | ) | |
| | ) | |
| WENDT, LLP, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIDWEST CONSTRUCTION SERVICE, INC. | ) | |
| d/b/a TRILLIUM CONSTRUCTION | ) | |
| SERVICES, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## THIRD-PARTY DEFENDANT MIDWEST CONSTRUCTION SERVICE, INC. D/B/A TRILLIUM CONSTRUCTION SERVICES' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT/THIRD-PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT FOR LACK OF PERSONAL JURISDICTION

COMES NOW Third-Party Defendant Midwest Construction Service, Inc. d/b/a Trillium Construction Services (hereinafter "Third-Party Defendant Trillium"), by and through undersigned counsel, and for its Memorandum in Support of its Motion to Dismiss Defendant/Third-Party Plaintiff Wendt's (hereinafter "Third-Party Plaintiff Wendt") Third-Party Complaint for Lack of Personal Jurisdiction, and states that Third-Party Plaintiff Wendt cannot demonstrate, and indeed has not even sufficiently alleged, that this Court can exercise personal jurisdiction over Third-Party Defendant Trillium. Quite simply, Third-Party Defendant Trillium does not have the requisite relationship to the forum state, and the case against it must be dismissed. *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1779 (2017).  In support thereof Third-Party Defendant Trillium further states:

## I.      INTRODUCTION

Initially, this Court cannot exercise general jurisdiction over Third-Party Defendant Trillium because it is an Iowa corporation, having its principal place of business in the State of Michigan (*See* Affidavit of Tara Kennedy Tenant, filed herewith as Exhibit A).   Third-Party Defendant Trillium is a foreign corporation that does not engage in substantial activities that would render it "at home" in Missouri. With these critical facts in place, it is clear this Court cannot exercise general jurisdiction over Third-Party Defendant Trillium. *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 754 (2014).

Moreover, this Court cannot exercise specific jurisdiction over Third-Party Defendant Trillium because Third-Party Plaintiff Wendt nowhere alleges that it ever suffered any purported wrongdoing, at the hands of Third-Party Defendant Trillium, in the State of Missouri. (*See* Third-Party Complaint, Doc. #13, pp. 16 – 18).   Third-Party Plaintiff Wendt's claims against Third-Party Defendant Trillium draw no connection between the State of Missouri and Trillium. *Daimler*, 134 S. Ct. at 754.  It would be wholly improper for this Court to exercise specific jurisdiction.

Thus, there is no basis for this Court to exercise personal jurisdiction over Third-Party Defendant Trillium, and Third-Party Plaintiff Wendt's claims against Third-Party Defendant Trillium should be dismissed.

## II.   FACTUAL BACKGROUND.

Third-Party Defendant Trillium is "at home" in the States of Iowa and Michigan - not in Missouri. Specifically, Third-Party Defendant Trillium is incorporated in Iowa, it remains a domestic Iowa corporation, and its principal place of business is in Michigan.   (*See* Exhibit A).

Additionally, Third-Party Defendant Trillium has no substantial connection to the State of Missouri. Third-Party Plaintiff Wendt inaccurately claims that Third-Party Defendant Trillium is

a Missouri resident and that the claims against it arise from its acts and omissions and contractual obligations within Missouri.  (*See* Third-Party Complaint, Doc. #13, at ¶ 6).  The facts alleged in the Third-Party Complaint contradict these inaccurate statements.  (*See* Third-Party Complaint, Doc. #13, pp. 15 – 18).  Third-Party Plaintiff Wendt is an Indiana limited liability partnership with its principal place of business in Indiana.  (*See* Third-Party Complaint, Doc. #13, at ¶ 1).  Third-Party Defendant Trillium has its principal place of business in Michigan.  The Staffing Services Agreement (Exhibit 1 to Exhibit A) would have been entered into in the States of Indiana and Michigan, with the subject of the contract being performed in Ohio.  There is no connection whatsoever between the contract and the State of Missouri.  Third-Party Defendant Trillium provided services to Third-Party Plaintiff Wendt for a project Wendt was working on in the State of Ohio.  (*See* Third-Party Complaint, Doc. #13, pp. 15 – 18).  The project did not take place in the State of Missouri.  Indeed, there are *no* allegations of any contact or transactions between Third-Party Plaintiff Wendt and Third-Party Defendant Trillium in the State of Missouri.   (*See* Third-Party Complaint, Doc. #13, pp. 15 – 23).

The Third-Party Complaint further asserts that venue is proper in this district because Plaintiff Roeslein entered into the contracts, which contain a forum selection clause selecting this district as the appropriate federal forum.  (*See* Third-Party Complaint, Doc. #13, at ¶ 7).  Third-Party Defendant Trillium is not bound by the terms of the contract between Plaintiff Roeslein and Third-Party Plaintiff Wendt, and the terms of that contract do not confer jurisdiction over Third-Party Defendant Trillium

## III.   THIS COURT LACKS PERSONAL JURISDICTION OVER THIRD-PARTY-DEFENDANT TRILLIUM

The primary focus of a personal jurisdiction inquiry is the defendant's relationship to the forum state. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779. There are two types of personal jurisdiction: "'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Id.* at 1780, citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846 (2011).   This Court lacks both general and specific jurisdiction over Third-Party Defendant Trillium, An Iowa corporation. General jurisdiction does not exist as Third-Party Plaintiff Wendt fails to plead sufficient facts to support a finding that Third-Party Defendant Trillium is "at home" in this state.  Moreover, Third-Party Plaintiff Wendt has alleged no facts to support a claim against Third-Party Defendant Trillium arising out of specific actions (or inactions) in the State of Missouri, such that specific jurisdiction does not exist.

### A.   The Court Cannot Exercise General Jurisdiction Over Third-Party Defendant.

Third-Party Defendant Trillium is a foreign corporation that cannot be subject to the general jurisdiction of Missouri courts. *Daimler,* 134 S. Ct. at 760. Therefore, dismissal on this ground is appropriate.  In *Daimler*, the Supreme Court established the principle that a defendant is subject to general personal jurisdiction only in a state where it can be considered "at home." *Id.* at 757. Stated another way, a court may assert general jurisdiction over a foreign corporation only when the corporation's affiliations with the state in which the suit is brought "are so constant and pervasive as to render it essentially at home in the forum state." *Id.* at 751, quoting *Goodyear Dunlop Tires Operations,* S.A., 131 S. Ct. at 2851. The Supreme Court has thereby rejected the view that general jurisdiction exists in every state in which a corporation engages in a "substantial, continuous, and systematic course of business." 134 S. Ct. at 761; *see also Kipp v. Ski Enterprise Corp. of Wis., Inc.,* 783 F.3d 695, 698 (7th Cir. 2015). Bare allegations fail to establish general

4

jurisdiction in any event. *Galope v. Deutsche Bank Nat. Trust Co*., Case No. SACV 12-00323-CJC, 2014 WL 8662645, *3 (C.D. Cal. Nov. 14, 2014) (finding that the unadorned allegation that defendant "regularly conducts business in the State of California" insufficient to establish general jurisdiction).

The factual backdrop to Third-Party Plaintiff Wendt's case against Third-Party Defendant Trillium is on all fours with the background at issue in *Daimler*; and, therefore, dismissal is warranted.  In *Daimler,* the Supreme Court held that California had no personal jurisdiction over the foreign, defendant corporation because (1) the corporation's principal place of business was not in California; and, (2) it was not incorporated in that state. 134 S. Ct. at 761. The Court explained that if it permitted an exercise of general jurisdiction over the non-California defendant based on sales alone "the same global reach would presumably be available in every other State in which [the defendant corporation's] sales are sizable," resulting in "exorbitant exercises of all-purpose jurisdiction."  *Id.* at 761-62, *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

This standard applies here.  To find general jurisdiction in Missouri over a corporation not incorporated in Missouri and without its principal place of business in Missouri, Missouri must be a surrogate for place of incorporation or home office such that the corporation is essentially at home in that state.  *Daimler*, 134 S.Ct. at 762 n.19).  For this Court to exercise general personal jurisdiction over Third-Party Defendant Trillium, Third-Party Plaintiff Wendt must allege facts as to how Third-Party Defendant Trillium is "essentially at home" in Missouri. Third-Party Plaintiff Wendt must aver and then establish that Third-Party Defendant Trillium is incorporated or has its principal place of business in Missouri, or that Defendant's contacts with Missouri are so substantial as to render this "an exceptional case." *Id.* at 761. An "exceptional case" is one where

the defendant's activities in Missouri are so substantial and of such a nature as to render the corporation at home in that State. *Id.*

Third-Party Plaintiff Wendt plainly fails to meet this burden. Third-Party Defendant Trillium is not "essentially at home" in Missouri—and there are no facts that Third-Party Defendant Trillium has made Missouri the center of its activities. Rather, Third-Party Defendant Trillium is an Iowa corporation, and its principal place of business is in Michigan. Third-Party Plaintiff Wendt alleges that Third-Party Defendant Trillium is Missouri resident with no supporting facts asserted. However, such a general allegation with no supporting facts does not give rise to an "exceptional case" that would cause Third-Party Defendant Trillium to be seen as being "essentially at home" in Missouri. Third-Party Plaintiff Wendt cannot demonstrate, and fails to even allege, that Third-Party Defendant Trillium conducts activities in Missouri that amount to the "nerve-center" activities required to render a business "at home" in the forum state. *Id.* Thus, Third-Party Defendant Trillium is a foreign corporation that is not "at home" in Missouri.

**B. This Court Cannot Exercise Specific Jurisdiction Over Third-Party Defendant Trillium.**

In its Third-Party Complaint, Third-Party Plaintiff Wendt fails to plead any sufficient facts that adequately show a connection between any alleged cause of action arising out of Third-Party Defendant Trillium's contacts with Missouri; and, these averments—or lack thereof—are fatal to any claim that specific jurisdiction can be exercised by this Court.

Specific jurisdiction is case-specific and exists when the underlying claim arises out of defendant's contacts with the forum. *Daimler,* 134 S.Ct. at 754. The Court held that, apart from general personal jurisdiction, a federal court may also exercise specific personal jurisdiction over a defendant where a plaintiff's claims "arise out of or relates to the defendant's contacts with the forum." *Id*. The Supreme Court further fleshed out the minimum contacts necessary to create

6

specific personal jurisdiction in *Walden v. Fiore*, 134 S.Ct. 1115, 1124 (2014), holding that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction" and requiring that a defendant's contacts with a forum state relate in some manner to the plaintiff's claims.  Specific jurisdiction depends on an "affiliation between the forum and the underlying controversy" and "is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A.*, 131 S.Ct. at 2851.  A defendant's general connections with the forum are not enough.  *Bristol-Myers Squibb Co.*, 137 S.Ct. at 1781.

Here, Third-Party Plaintiff Wendt's claims against Third-Party Defendant Trillium pertain to Trillium's alleged breach of contract, negligence, and tortious interference, with all such claims being based on alleged acts and/or omissions which occurred in the States of Ohio or Michigan. The Third-Party Complaint wholly fails to allege facts, grounded in acts or omissions of Third-Party Defendant Trillium, which occurred in the State of Missouri. Accordingly, for all the foregoing reasons, the facts of this matter do not provide a basis for this Court to exercise specific jurisdiction over Third-Party Defendant Trillium.

## V.     CONCLUSION

This Court does not have jurisdiction over Third-Party Defendant Trillium. First, Third-Party Defendant Trillium is an Iowa corporation, having its principal place of business in Michigan. Additionally, Third-Party Defendant Trillium does not engage in substantial activities that would render it "at home" in Missouri.  As such, this Court cannot exercise general jurisdiction over Third-Party Defendant Trillium.

Second, this Court cannot exercise specific jurisdiction over Third-Party Defendant Trillium because Third-Party Plaintiff Wendt does not allege that it suffered any purported

wrongdoing, at the hands of Third-Party Defendant Trillium, in the State of Missouri. Indeed, Third-Party Plaintiff Wendt's claims against Third-Party Defendant Trillium have no connection between the State of Missouri and Trillium.

Given these facts, Third-Party Plaintiff Wendt has failed to meet its burden of presenting a prima facie case for jurisdiction over Third-Party Defendant Trillium. Accordingly, as there is no basis for this Court to exercise personal jurisdiction over Third-Party Defendant Trillium, Third-Party Plaintiff Wendt's claims against Third-Party Defendant Trillium should be dismissed for lack of jurisdiction.

WHEREFORE, Third-Party Defendant Trillium prays for this Court's Order dismissing Third-Party Plaintiff Wendt's Complaint for Lack of Personal Jurisdiction, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

*/s/ Michael E. Bub*
JOHN G. SCHULTZ                             #34711
MICHAEL E. BUB                              #37049
231 S. Bemiston Ave., Ste. 1200
St. Louis, MO 63105
(314) 455-8300 Phone
(314) 455-8301 Fax
mbub@fsmlawfirm.com
*Attorneys for Third-Party Defendant Midwest Construction Services, Inc. d/b/a Trillium Construction Services*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record this 23rd day of January, 2023:

Christopher R. LaRose
Paul L. Brusati
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Ste. 1800
St. Louis, MO 63105
(314) 621-5070
(314) 621-5065 (fax)
clarose@atllp.com
pbrusati@atllp.com
**Attorneys for Plaintiff**

M. Quinn Murphy
SANBERG PHOENIX & von GONTARD, P.C.
600 Washington Ave. – 15th Floor
St. Louis, MO 63101
(314) 231-3332
(314) 241-7604 (fax)
qmurphy@sandbergphoenix.com

Ross A. Boden
Tyler M. Waugh
SANBERG PHOENIX & von GONTARD, P.C.
4600 Madison Ave., Ste. 1000
Kansas City, MO 64112
(816) 627-5332
(816) 627-5532 (fax)
rboden@sandbergphoenix.com
twaugh@sandbergphoenix.com
**Attorneys for Defendant Wendt, LLP**

*/s/ Michael E. Bub*
**Attorney for Third-Party Defendant
Midwest Construction Services, Inc.
d/b/a Trillium Construction
Services**