UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROESLEIN & ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WENDT, LLP, ) | |
| ) | |
| Defendant, ) | No. 4:22 CV 1105 RWS |
| ) | |
| v. ) | |
| ) | |
| MIDWEST CONSTRUCTION SERVICE, ) | |
| INC. d/b/a TRILLIUM CONSTRUCTION ) | |
| SERVICES, ) | |
| ) | |
| Third-Party Defendant. ) | |

## MEMORANDUM AND ORDER

This case arises out of a construction dispute between Plaintiff Roeslein & Associates, Inc. ("Roeslein"), Defendant Wendt, LLP ("Wendt"), and Third-Party Defendant Midwest Construction Service, Inc. d/b/a Trillium Construction Services ("Trillium"). The case is before me on Trillium's motion to dismiss Wendt's third-party complaint for lack of personal jurisdiction. For the reasons discussed below, Trillium's motion will be granted.

## BACKGROUND

Roeslein is an engineering and construction firm that designs, engineers, and constructs industrial plants. As a part of its business, Roeslein routinely hires subcontractors to perform work on its projects. In March 2021, Roeslein was hired to construct a plant in Huron, Ohio (the "Project"). Roeslein solicited bids from several subcontractors to aid in the Project.

In June 2021, Wendt sent Roeslein lump-sum bids to serve as a subcontractor for two parts of the Project: rigging installation and mezzanine installation. Roeslein accepted the bids and sent Wendt two purchase orders. One purchase order was for rigging installation for a lump sum of $3,967,849. The other purchase order was for mezzanine installation for a lump sum of $2,936,755. The purchase orders were subject to certain terms and conditions (collectively, the "Agreements"), which were identical for both purchase orders.

In the fall of 2021, Wendt utilized Trillium—a staffing agency—to provide additional labor and perform work on the Project. Several months later, police arrived at the Project's worksite and arrested two of Trillium's employees for selling marijuana at the worksite. When Roeslein was notified of the arrests, it terminated the Agreements. Trillium subsequently filed and recorded an affidavit for a mechanics' lien on the Project for $126,731.50. Roeslein has demanded that Wendt remove the mechanic's lien, but Wendt has not done so.

In June 2022, Wendt's counsel sent Roeslein a letter, notifying Roeslein that Wendt believes that it is owed $1,882,185 for work performed on the Project. Roeslein's counsel replied that, under the Agreements, Wendt was required to maintain "complete charge and control of its employees and those of its subcontractors" and "strict discipline and order among its employees and employees of its subcontractors." Roeslein's counsel also stated that Wendt defaulted under the Agreements when Trillium's employees were found to have been selling marijuana at the Project's worksite while working for Wendt.

After the parties were unable to resolve their dispute, Roeslein filed this lawsuit against Wendt on October 17, 2022, alleging breach of contract. Wendt filed its answer and counterclaims on November 23, 2022. Wendt also filed a third-party complaint against Trillium. Trillium then filed a motion to dismiss Wendt's third-party complaint for lack of personal jurisdiction.[1]

## LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists … by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the

---

[1] Trillium also filed a separate but related lawsuit in Ohio.

state." K-V Pharm. Co. v. J. Uriach & CIA, S.A., 548 F.3d 588, 591–92 (8th Cir. 2011) (internal quotation marks omitted). "A plaintiff's prima facie showing must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." Fastpath, Inc. v. Arbela Techs. Corp., 760 F.3d 816, 820 (8th Cir. 2014) (internal quotation marks omitted). When a hearing is not held, a court "must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; however, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction." Id.

## DISCUSSION

Personal jurisdiction can be general or specific. Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty., 582 U.S. 255, 262 (2017). General jurisdiction "refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 593 (8th Cir. 2011) (internal quotation marks omitted). Specific jurisdiction "refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." Id. (internal quotation marks omitted).

In its third-party complaint, Wendt alleges that this Court has general and specific jurisdiction over Trillium because "Trillium is a Missouri resident" and its

4

third-party complaint arises out of "Trillium's acts and omissions and contractual obligations within Missouri." (Doc. 13 at p. 16). However, uncontroverted evidence shows that Trillium is an Iowa corporation with its principal place of business in Michigan. (Doc. 29-1 at ¶¶ 4–5). Uncontroverted evidence also shows that the terms of the contract between Wendt and Trillium were not negotiated in Missouri, that the contract between Wendt and Trillium was not executed in Missouri, and that none of the obligations under the contract between Wendt and Trillium were performed in Missouri. (Id. at ¶¶ 7–9).

Based on this uncontroverted evidence, Trillium argues that this Court lacks both general and specific jurisdiction over it because (1) Wendt has failed to allege facts showing that it is "at home" in Missouri, and (2) Wendt has failed to allege facts showing that its third-party complaint arises out of specific actions or inactions in Missouri. Wendt has not responded to these arguments, which are well taken. See Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (internal quotation marks omitted) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction."); Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (internal quotation marks omitted) ("Specific jurisdiction … depends on an affiliation between the forum and

5

the underlying controversy, principally, activity or an occurrence that takes place in the forum [s]tate and is therefore subject to the [s]tate's regulation.").[2]

Despite its allegation in its third-party complaint, Wendt's sole asserted basis for this Court's personal jurisdiction over Trillium is now a forum-selection clause in the Agreements (the "Forum-Selection Clause"), which states:

> The laws of the state of Missouri shall govern the validity, interpretation, construction and effect of this Contract.  Any action brought to enforce or interpret this Contract shall be brought and maintained in the U.S. Federal District Court for the Eastern District, Eastern Division of Missouri or the Circuit Court of St. Louis County in the State of Missouri.

(Doc. 1-1 at p. 9).  Wendt argues that Trillium is bound by the Forum-Selection Clause as a third party based on its close relationship to Wendt and the dispute. Trillium argues that it is not bound by the Forum-Selection Clause because it was not so closely related to the Agreements or a party to the Agreements that it was foreseeable that it would be bound.

In diversity cases, personal jurisdiction generally exists only if "the forum [s]tate's long-arm statute permits the exercise of personal jurisdiction and that exercise is consistent with the Due Process Clause of the Fourteenth Amendment." Creative Calling Sols., Inc. v. LF Beauty Ltd., 799 F.3d 975, 979 (8th Cir. 2015).

---

[2] In light of Wendt's decision not to respond to Trillium's arguments, it is unclear whether Wendt had a basis for alleging that "Trillium is a Missouri resident" and that its third-party complaint arises out of "Trillium's acts and omissions and contractual obligations within Missouri."

6

However, in Missouri, it is not necessary to satisfy the state's long-arm statute if a nonresident defendant consented to or waived personal jurisdiction. Chase Third Century Leasing Co., Inc. v. Williams, 782 S.W.2d 408, 411 (Mo. Ct. App. 1989). As in this case, "[p]arties to a contract may agree in advance to submit to personal jurisdiction in a given court." Id. And the Due Process Clause "is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause." St. Paul Fire & Marine Ins. Co. v. Courtney Enters., Inc., 270 F.3d 621, 624 (8th Cir. 2001) (internal quotation marks omitted).

The question presented here is whether Trillium, who was not a party to the Agreements, is bound by the Forum-Selection Clause. A third party will be bound by a forum-selection clause in a contract only when "the third party is closely related to the dispute such that it becomes foreseeable that it will be bound." Kleiman v. Kings Point Cap. Mgmt., LLC, No. 4:17CV2278HEA, 2018 WL 3328012, at *4 (E.D. Mo. July 6, 2018) (citing Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001)). In determining whether a third party is bound by a forum-selection clause, the relevant inquiry is whether the third party reasonably should have foreseen being bound because of its relationship to the cause of action and a signatory to the contract. Id.

Wendt argues that Trillium had a very close relationship to it and the dispute in this case. Wendt argues that Trillium had a close relationship to it because

7

Trillium supplied labor solely for the performance of its work under the Agreements, and all of Trillium's work was performed pursuant to the terms and specifications under the Agreements.  Wendt argues that Trillium had a close relationship to the dispute in this case because Trillium is the party allegedly responsible for causing the dispute.  According to Wendt, it was highly foreseeable to Trillium that it could be bound by the Forum-Selection Clause because Trillium caused the dispute in this case while standing in Wendt's shoes under the Agreements.

In support of this argument, Wendt has submitted an affidavit of Tim Allen, the Direct of Operations for Wendt who was responsible for overseeing Wendt's operations on the Project. (Doc. 34-1 at ¶ 2).  Allen states that, when Wendt's need for additional labor on the Project arose, he contacted Walter Jones of Trillium. (Id. at ¶ 3).  Allen states that he informed Jones that Wendt's contract on the Project was with Roeslein, that Trillium knew that its work on the Project would be performed pursuant to the Agreements, and that every aspect of Trillium's work on the Project was performed pursuant to the Agreements. (Id. at ¶¶ 4–6).  Allen also states that the Agreements were "readily available to Trillium upon request" and that Trillium never asked for a copy of the Agreements. (Id. at ¶¶ 9–10).

Trillium argues that it is not bound by the Forum-Selection Clause because it had no knowledge of the Forum-Selection Clause, it was not a beneficiary of the

Agreements, and it was not so closely related to Wendt that it was foreseeable that it would be bound by the Forum-Selection Clause.

In support of this argument, Trillium has submitted an affidavit of Walter Jones who is a National Project/Branch Manager for Trillium. (Doc. 43-1 at ¶ 2). Jones states that Trillium had no knowledge that Wendt had entered into a contract with Roeslein, that Trillium was never given a copy of the Agreements, that Trillium had no knowledge of the terms of the Agreements, that Trillium was not a party to the Agreements, that Trillium did not agree to be bound by the terms of the Agreements, and that Trillium was not aware of the Forum-Selection Clause. (Id. at ¶¶ 6–11). Jones also states that Trillium had no knowledge of Roeslein until its personnel arrived on the Project's worksite and that the work performed by its personnel was performed pursuant to the terms and conditions of the contract between Wendt and Trillium. (Id. at ¶¶ 12 & 14).

As an initial matter, I note that it appears that the Forum-Selection, on its face, does not apply to Wendt's third-party complaint. The Forum-Selection Clause states: "Any action brought to *enforce or interpret this Contract* shall be brought and maintained in the U.S. Federal District Court for the Eastern District, Eastern Division of Missouri or the Circuit Court of St. Louis County in the State of Missouri." (Doc. 1-1 at p. 9) (emphasis added). Wendt's third-party complaint was not brought to "enforce or interpret" the Agreements. Instead, Wendt brings claims

9

against Trillium for contractual indemnity based on the contract between Wendt and Trillium, non-contractual indemnity, breach of contract between Wendt and Trillium, tortious interference, and negligence. (Doc. 13 at pp. 18–23). Because the Forum-Selection Clause does not apply to Wendt's third-party complaint, Trillium is not bound by the Forum-Selection Clause, and this Court cannot exercise personal jurisdiction over Trillium based on the Forum-Selection Clause.

Moreover, even if the Forum-Selection Clause were intended to apply to claims such as those in Wendt's third-party complaint, I would still find that Trillium was not so closely related to the Agreements, a party to the Agreements, or the dispute that it was reasonably foreseeable to Trillium that it would be bound by the Forum-Selection Clause. Trillium was not a third-party beneficiary of the Agreements. See Kleiman, 2018 WL 3328012, at *5 (third party was a specifically identifiable beneficiary of the contracts). Trillium was not referenced in the Agreements, and the Agreements were not referenced in the contract between Wendt and Trillium. See Hasler Aviation, L.L.C. v. Aircenter, Inc., No. 1:06-CV-180, 2007 WL 2463283, at *6 (E.D. Tenn. Aug. 27, 2007) (third parties' role in the transaction was contemplated prior to the contract's execution, and third parties were referenced in the letter covering the contract). Uncontroverted evidence shows that Trillium was not aware of the terms of the Agreements. See Kleiman, 2018 WL 3328012, at *5 (third party was fully aware of the forum-selection clause). Trillium's

10

relationship to a party to the Agreements was based only on a separate contract between Wendt and Trillium.  See Marano Enters., 254 F.3d at 757 (third party was a shareholder, officer, and director of a party to the contracts); XTRA Lease LLC v. EJ Madison, LLC, No. 4:14CV1866 RLW, 2015 WL 3694712, at *4 (E.D. Mo. June 12, 2015) (third party was an assignee of a party to the contract).  And Wendt's claims against Trillium do not necessarily depend on the terms of the Agreements. See Kleiman, 2018 WL 3328012, at *5 (third party's claims relied on the terms of the contracts and were inextricably entwined with the contracts).  Under these circumstances, I conclude that it was not reasonably foreseeable to Trillium that it would be bound by the Forum-Selection Clause.  For this additional reason, Trillium is not bound by the Forum-Selection Clause, and this Court cannot exercise personal jurisdiction over Trillium based on the Forum-Selection Clause.

Because this Court cannot exercise personal jurisdiction over Trillium based on the Forum-Selection Clause, and there is no other basis for exercising personal jurisdiction over Trillium, Trillium's motion will be granted.[3]

Accordingly,

---

[3] Wendt requests that, if I am hesitant to bind Trillium to the Forum-Selection Clause, I grant it leave to conduct limited jurisdictional discovery. Wendt has not filed a motion for leave to conduct such discovery.  However, even if Wendt had filed a motion for leave, Wendt's request would be denied.  It was Wendt's burden to establish that this Court has personal jurisdiction over Trillium, and Wendt has failed to make a prima facie showing that personal jurisdiction exists.

**IT IS HEREBY ORDERED** that Third-Party Defendant Midwest Construction Service, Inc. d/b/a Trillium Construction Services' motion to dismiss Defendant Wendt, LLP's third-party complaint [28] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Wendt, LLP's third-party complaint [13] is **DISMISSED** without prejudice for lack of personal jurisdiction.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June 2023.