UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| *ROESLEIN & ASSOCIATES, INC.,* | ) |
| Plaintiff, | ) **Oral Argument Requested** |
| v. | ) Case No: 4:22-cv-01105-RWS |
| *WENDT, LLP,* | ) |
| Defendant. | ) |

**DEFENDANT'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now Defendant Wendt, LLP ("Wendt"), by and through its undersigned attorneys, and for its Statement of Uncontroverted Material Facts in Support of its Motion for Partial Summary Judgment pursuant to Eastern District of Missouri Local Rule 4.01(E), states as follows:

**UNCONTROVERTED MATERIAL FACTS**

1. Plaintiff Roeslein & Associates, Inc. ("Roeslein") is an engineering and construction firm that designs, engineers, and constructs can-making and industrial plant buildings. (Roeslein's First Amended Complaint, ECF Doc. 54, ¶8).

2. In March 2021, Roeslein was hired to construct a canning plain in Huron, Ohio (the "Project"). (First Amended Complaint ECF Doc. 54), ¶10).

3. Wendt submitted two bids to Roeslein for the Project, one for rigging installation and one mezzanine installation. (First Amended Complaint, ECF Doc. 54, ¶12).

4. Roeslein accepted Wendt's lump sum bids and sent two purchase orders, one for rigging installation for the lump sum of $3,967,849 and one for mezzanine installation for the lump sum of $2,936,755 (the "Purchase Orders"). (First Amended Complaint, ECF Doc. 54, ¶13).

24519768.v1

5. Both Purchase Orders stated they were "subject to the enclosed Roeslein & Associates, Inc. five page Standard Terms & Conditions (T&CPURCH-09.07.05 Over100k.)". (First Amended Complaint, ECF Doc. 54, ¶13).

6. Attached as *Exhibit A*, ECF Doc. 1-1, is a true, accurate, and complete copy of both Purchase Orders and the "Roeslein & Associates, Inc. five page Standard Terms & Conditions (T&CPURCH-09.07.05 Over100k.)". that form the complete agreement between Roeslein and Wendt for the Project (the "Agreement"). (First Amended Complaint, ECF Doc. 54, ¶13; Complaint, ECF Doc. 1, ¶13).

7. The Agreement is a lump sum contract. (First Amended Complaint, ECF Doc. 54, ¶13; *Exh. A*, pp. 2 and 11)

8. The Agreement is governed by Missouri law. (*Exh. A*, §44, pp. 9 and 18).

9. Roeslein drafted the Agreement. (First Amended Complaint, ECF Doc. 54, §13; *Exh. A*, pp. 2-19).

**Termination For Default**

10. The Agreement may be terminated for default. (*Exh*. A., §31(a), pp. 8 and 17).

11. The subparagraphs of Section 31(a) of the Agreement identify the circumstances that constitute default under the Agreement. (*Exh. A*, §31, pp. 8 and 17).

12. Subsection 31(c) of the Agreement sets forth the notice requirements to effect termination of the Agreement for default. (*Exh. A*, §31(c), pp. 8 and 17).

13. Section 31(c) of the Agreement states:

Termination for default shall be effected by written notice from Roeslein stating the circumstances of default and the date upon which Roeslein intends to complete the removal from the worksite of the Work in its current state. Vendor [Wendt] agrees to cooperate and assist Roeslein in the removal of the Work in its then state.

(*Exh. A*, §31(c), pp. 8 and 17).

14. Section 32(d) of the Agreement states:

Other than the final settlement of Vendor's claims in accordance with section 32(f), Roeslein shall have no liability or obligation whatsoever to Vendor by reason of or resulting from termination for default. If it is subsequently determined that Vendor was not in default or that its failure strictly to perform this Contract was due to causes beyond its control and without its fault or negligence, the termination shall be deemed to have been for the convenience of Roeslein, and Roeslein's sole obligation or liability to Vendor shall be to settle with Vendor in accordance with section 32(e).

(*Exh. A*, §32(d), pp. 9 and 18).

15. Section 32(f)(2) of the Agreement sets forth how the final settlement of all claims would be calculated if the Agreement was terminated for default. (*Exh. A*, §32(f)(2), pp. 9 and 18).

16. Section 32(f)(2) of the Agreement states:

If this is a lump sum contract, upon completion of the Work Roeslein shall pay Vendor an amount which, when added to any payments theretofore made to Vendor under this Contract, bears the same ratio to the total Contract price as the amount of the Work completed by Vendor prior to the effective date of termination bears to the total amount of the Work; provided, however, that if Roeslein's costs to complete with Work exceed the unpaid balance of the Contract price (taking into account all previous payments to Vendor), the Vendor shall be liable to Roeslein for such excess costs. Roeslein shall be entitled to deduct the amount of such excess costs from any amounts payable to vendor under this Contract including, but not limited to, any amounts payable in accordance with this section.

(*Exh. A*, §32(f)(2), pp. 9 and 18).

**Termination for Convenience**

17. Roeslein had the right to terminate the Agreement at any time and for any reason upon written notice to Wendt. (*Exh. A*, §32(b), pp. 8 and 17).

18. Section 32(e)(2) of the Agreement sets forth how the final settlement of all claims would be calculated if the Agreement was terminated for any reason other than default. (*Exh. A*, §32(f)(2), pp. 9 and 18).

3

24519768.v1

19. Section 32(e)(2) of the Agreement states:

> If this is a lump sum contract, Roeslein shall pay Vendor an amount which, when added to any payments theretofore made to Vendor under this Contract, bears the same ratio to total Contract price as the amount of Work completed by Vendor prior to the effective date of termination bears to the total amount of the Work.

(*Exh. A*, §32(f)(2), pp. 9 and 18).

### Roeslein's Alleged Termination for Default

20. Roeslein alleges it terminated the Agreement and Wendt's work on the Project for default on April 1, 2022. (First Amended Complaint, ECF Doc. 54, ¶ 31-32; Roeslein Supplemental Interrogatory Answers, attached as *Exhibit B*, Interrogatory No. 13).

21. Roeslein did not provide Wendt with a written notice of termination on April 1, 2022. (*Exh. B*, Interrogatory No. 13).

22. At 5:00 p.m. on April 1, 2022, Roeslein employee Doug Wedge called Wendt employee Tom Shaw and told him "Roeslein had chosen to release Wendt and directed Shaw to have Wendt's superintendent (John Chestnut) contact Roeslein's upper management for further information." (*Exh. B*, Interrogatory No. 13).

23. On April 8, 2022, Wendt emailed Roeslein to ask for written notice of why Wendt was kicked off the project, including the name of the individual. (*Exhibit C*, p. 2 (Roeslein0005436)).

24. On April 8, 2022, Roeslein discussed internally what information to share in response to Wendt's request. (*Exh. C*, pp. 1-2 (Roeslein0005435-Roeslein000536).

25. On April 8, 2022, Roeslein did not "not want to get into too many specifics about why we kicked them off." (*Exh. C*, p. 1 (Roeslein0005435)).

26. On April 8, 2022, Roeslein decided to "just give [Wendt] the names; nothing more." (*Exh. C*, p. 1 (Roeslein0005435)).

27. *Exh. B* is a is a true, accurate, and complete copy of Roeslein's Supplemental Responses and Objections to Wendt's First Interrogatories.

28. *Exh. C* is a is a true, accurate, and complete copy of an email chain produced by Roeslein during discovery as Roeslein005435-Roeslein0005436.

                                      SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ M. Quinn Murphy*
       M. Quinn Murphy, MO #54451
       Stephen M. Murphy, MO #56417
       James C. Keaney, MO #67173
       600 Washington Avenue - 15th Floor
       St. Louis, MO  63101-1313
       314-231-3332
       314-241-7604 (Fax)
       qmurphy@sandbergphoenix.com
       smurphy@sandbergphoenix.com
       jkeaney@sandbergphoenix.com

       Ross A. Boden, MO #63453
       4600 Madison Avenue, Suite 1000
       Kansas City, MO  64112
       816-627-5332
       816-627-5532 (Fax)
       rboden@sandbergphoenix.com

*Attorneys for Defendant Wendt, LLP*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on December 15, 2023 the foregoing Statement of Facts was filed with the court and in compliance with Rule 74.04(c)(1) a copy, in Word format, of the foregoing was e-mailed to the counsel of record:

Christopher LaRose
Paul Louis Brusati
Samra Cordic
Armstrong Teasdale LLP
clarose@atllp.com
pbrusati@atllp.com
scordic@atllp.com
*Attorneys for Plaintiff*

                                          */s/ M. Quinn Murphy*

24519768.v1